IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER L. TRICKETT,

    Plaintiff,

v.                                  Civil Action No. 5:04CV133
                                          (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**ACCEPTING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Roger L. Trickett, filed an action in this Court on November 29, 2004, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The Commissioner filed an answer to plaintiff's complaint on February 22, 2005. The parties then filed cross-motions for summary judgment.

Magistrate Judge Seibert considered the parties' motions for summary judgment and submitted a report and recommendation. In his report, he found that the Administrative Law Judge ("ALJ") was substantially justified in his decision. Specifically, the magistrate judge found that the ALJ properly evaluated the plaintiff's obesity at every level of the sequential analysis.

Based on this finding, the magistrate judge recommended that the Commissioner's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff submitted timely objections to the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

## II. Facts

On October 7, 2002, the plaintiff filed a claim for disability insurance benefits ("DIB") with the Social Security Administration, alleging a disability since June 29, 2000. His application was initially denied, and was again denied on reconsideration. On July 15, 2003, a hearing was held before an ALJ. The ALJ found that the plaintiff was not under a disability as defined in the Social Security Act.[1] The Appeals Council denied the plaintiff's request

---

[1] The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§

2

for review of the ALJ's decision on September 24, 2004. The plaintiff then filed the present action with this Court.

## III. Applicable Law

### A. Standard of Review

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the

---

416(i), 423(d).

initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

    In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

The plaintiff objects to the magistrate judge's report and recommendation that obesity does not need to be expressly evaluated in the sequential evaluation process, which determines whether a person is disabled. Thus, this Court has considered the issue raised in the report to determine whether the recommendation was proper. Upon review of the record and the findings made by the ALJ, this Court concludes that the decision to deny the plaintiff disability benefits was reached by applying the correct legal standard and was supported by substantial evidence, and therefore, the magistrate judge's report and recommendation should be affirmed.

The plaintiff claims that the ALJ's opinion is not supported by substantial evidence. Specifically, the plaintiff asserts that the ALJ failed to take into account his obesity at every level of the sequential analysis. This Court finds this argument unpersuasive. After analyzing the record, this Court finds that the

ALJ properly accounted for the plaintiff's obesity in determining whether plaintiff was disabled.

In his decision, the ALJ did not expressly discuss obesity as a disability. In his motion for summary judgment, the plaintiff requests that there be a full analysis and consideration of obesity at each level of the sequential evaluation. The plaintiff insists that obesity is a medical impairment. (Pl.'s Mot. Summ. J. at 3.) However, in his objections, the plaintiff admits that obesity is not an impairment. He argues that it should still be considered because "[o]besity is a complex, chronic disease characterized by excessive accumulation of body fat." (Pl.'s Obj. at 1.) The ALJ states that the plaintiff did not cite his body weight as a function limitation. The record indicates that the plaintiff stated that he did not need any help taking care of his personal daily affairs, including working around his house, preparing meals and shopping. (Tr. at 117-9, 304.)

The ALJ did not expressly discuss the plaintiff's obesity. The ALJ did acknowledged the plaintiff's weight, blood glucose levels and exercise routine and considered this evidence, along with the entire medical record, when determining the medical severity of the plaintiff's alleged impairments. The court in Skarbek v. Barnhart, 390 F.3d 500, 504 (7th Cir. 2004), noted that when a claimant does "not specifically claim obesity as an impairment the references to his weight in his medical records were likely sufficient to alert the ALJ to the impairment." Further, when the ALJ knows of the claimant's obesity and does not explicitly consider a claimant's

6

weight, then it is assumed to be indirectly factored into the ALJ's decision.  Id.  Thus, it did not matter that the ALJ did not expressly discuss the plaintiff's obesity because he acknowledged his weight and factored into his decision.

Further, this Court finds that the ALJ was correct in not evaluating obesity as a severe impairment because obesity is not a disability.  The fact that the ALJ did not specifically evaluate the plaintiff's obesity does not warrant a remand to the ALJ. See Rutherford v. Barnhart, 399 F.3d 546, 552-3 (3d Cir. 2005).  The court in Rutherford held that failure to expressly address a plaintiff's obesity did not warrant a remand.  Accordingly, this Court finds that the ALJ's failure to explicitly address the plaintiff's obesity does not warrant reversal of the ALJ's decision.

This Court notes that it is the responsibility of the ALJ to make factual determinations and to resolve evidentiary conflicts, and a court should give great deference to these factual findings. See Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).  Thus, echoing the court in Freeman v. Halter, 141 F. Supp. 2d 592 (W.D.N.C. 2001), this Court finds that "[a]lthough the medical records in this case establish that Plaintiff experienced pain and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's 'to reconcile inconsistencies in the medical evidence.'" Id. at 600 (quoting Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)).  Thus, because the ALJ properly evaluated the plaintiff's disabilities and substantial evidence in the record

supports these findings, the magistrate judge's report and recommendation must be upheld.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the summary judgment motion of the plaintiff is hereby DENIED, and the summary judgment motion of the defendant is hereby GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 30, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE